```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
REUVEN GILMORE, et al.,        )
                               )
        Plaintiffs,            )
                               )
   v.                          )    Civil Action No. 01-853 (GK)
                               )
PALESTINIAN INTERIM SELF-      )
GOVERNMENT AUTHORITY, et. al.,)
                               )
        Defendants.            )
_____)
```

## MEMORANDUM OPINION

Plaintiffs, who are various family members of Esh Kodesh Gilmore, the deceased victim of an alleged terrorist shooting in Jerusalem, Israel on October 30, 2000, bring this action against Defendants Palestinian Interim Self-Government Authority ("PA") and Palestinian Liberation Organization ("PLO") under the Anti-Terrorism Act of 1991 ("ATA"), 18 U.S.C. § 2331, et seq. On December 28, 2008, this Court entered an order [Dkt. No. 157] granting Defendants' Motion to Vacate Clerk's Entry of Default, ordering Defendants to post a bond in the amount of $1 million by February 1, 2010, directing the parties to submit Rule 16 statements by February 11, 2010, and setting an initial scheduling conference for February 16, 2010. On January 11, 2010, Plaintiffs appealed the Order granting Defendants' Motion to Vacate. Defendants filed a Motion to Dismiss Appeal on January 22, 2010.

This matter is presently before the Court on Plaintiffs' Motion to Stay and Plaintiffs' Ex Parte Motion for an Immediate

Stay of proceedings before this Court [Dkt. Nos. 162 and 163] pending resolution of the matter on appeal. Upon consideration of the Motions, Opposition, and the entire record herein, and for the reasons set forth below, the Motions to Stay are **denied.**

28 U.S.C. § 1291 limits appeals as of right from "final decisions" of the district courts. The collateral order doctrine provides a narrow exception to this rule, permitting appeal before entry of final judgment for district court decisions "that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action." Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867, 114 S.Ct. 1992, 1995-96 (1994). Plaintiffs, while conceding the basic prevailing law, argue in support of their Motions to Stay that this Court's December 28, 2009 Order granting the Motion to Vacate fits within the collateral order doctrine, and therefore that the general rule codified in § 1291 is not applicable to this case.

Plaintiffs are wrong. This Circuit has made clear that the collateral order doctrine does not apply to an order vacating an entry of default. In Cason v. District of Columbia Dep't of Corrections, No. 06-7203, 2007 WL 2892694, at *1 (D.C. Cir. June 15, 2007), the Court of Appeals concluded that it lacked jurisdiction to review the District Court's order vacating the

entry of default judgment and the order denying reconsideration "because they are neither final nor appealable interlocutory or collateral orders," since "[a]ppellant may challenge these orders upon entry of the final judgment." Id. Similarly, in Lewis v. Reno, No. 95-5295, 1997 WL 68545 (D.C. Cir. Jan. 15, 1997), our Circuit reasoned that "[a]n order granting a motion to vacate leaves the case pending for further determination and is akin to an order granting a new trial, and is therefore unappealable."

Further, the Tenth Circuit has held in an analogous context that an order granting a Rule 60(b) motion to vacate judgment is not immediately appealable because the plaintiff "is free to seek review of the district court's decision after a final judgment is entered in his case." Stubblefield v. Windsor Capital Group, 74 F.3d 990, 997 (10th Cir. 1996).

The relevant decisions in the Tenth Circuit and in this Circuit are in agreement with the Supreme Court's warning that the conditions for collateral order appeal should be applied stringently, and that the issue of appealability "is to be determined for the entire category to which a claim belongs." Digital Equipment Corp., 511 U.S. at 868. See also Mohawk Industries v. Carpenter, 130 S.Ct. 599, 606 (crucial question in applying collateral order doctrine is "whether deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant

**3**

orders") (emphasis added); Will v. Hallock, 546 U.S. 318, 353, 126 S.Ct. 952, 959 (2006) ("[I]t is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later.") (citation omitted); Doe v. Exxon Mobile Corp., 473 F.3d 345 (D.C. Cir. 2007) (concluding that dismissal on grounds of political question doctrine does not fall within collateral order doctrine).

Finally, the cases cited by Plaintiffs in support of a finding of irreparable harm under the third prong of the collateral order doctrine are readily distinguishable, and thus unpersuasive. None of them addresses an order vacating an entry of default. In Riverhead Savings Bank v. Nat. Mortgage Equity Corp., 893 F.2d 1109, 1114 (9th Cir. 1990), the Court found that a district court order directing a third-party defendant to pay fees would be effectively unreviewable if review were delayed until after final judgment because the third-party defendant, which was in receivership, had a "strong likelihood of insolvency." The cases cited in Riverhead similarly dealt with cases where there was a "significant danger" of insolvency, where the funds would be subject to the claims of an intervening party, and where the funds denied would be irretrievable once distributed to shareholders. Id. (citations omitted).

Next, Plaintiffs cite <u>I.A.M. Nat. Pension Fund Benefit Plan v. Cooper Industries, Inc.</u>, 789 F.2d 21, 25 n.7 (D.C. Cir. 1986), for its brief discussion of the collateral order doctrine, which was not implicated in the case itself.  <u>I.A.M. Nat. Pension Fund Benefit Plan</u> addressed a district court order requiring the defendant employer to pay a first installment of withdrawal liability to the plaintiff fund pending resolution of its counterclaim.  The Court of Appeals for our Circuit held that the order was not immediately reviewable because the employer did not show that the order would cause irreparable harm, but neither party argued--and the Court of Appeals did not suggest--that the collateral order doctrine applied.  Finally, Plaintiffs cite <u>Chrysler v. Fedders</u>, 670 F.2d 1316 (3d Cir. 1982), a case in which the Third Circuit found that the collateral order doctrine applied to a district court order vacating notice of lis pendens.

To summarize, the caselaw in this Circuit directly holds that the collateral order doctrine does not apply to orders vacating an entry of default, the prevailing law on the collateral order doctrine suggests that such orders should not fall within its scope, and the cases cited by Plaintiffs are distinguishable and

unpersuasive.[1]  For the reasons set forth above, Plaintiffs' Motions to Stay are **denied.**

An Order will accompany this Memorandum Opinion.

February 12, 2010                         /s/
                                          Gladys Kessler
                                          United States District Judge

Copies to: attorneys on record via ECF

---

[1] It is particularly difficult to understand Plaintiffs' position in light of the fact that one of their chief arguments in opposing the Motion to Vacate was that granting such a motion would cause intolerable delay in providing relief to Plaintiffs. Allowing these Motions to Stay would preclude holding a long-scheduled Initial Scheduling Conference on February 16, 2010, and prevent the issuance of a Scheduling Order, which would give the parties the go-ahead for starting discovery.