# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REUVEN GILMORE, et al.,

      Plaintiffs,

                                              C.A. 01-00853(GK)

v.

THE PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY, et al.,

      Defendants.

### PLAINTIFFS' PETITION FOR ISSUANCE OF A LETTER OF REQUEST FOR JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION

Plaintiffs respectfully request that this Court issue the Letter of Request for Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters that is attached hereto as Appendix 1.

Plaintiffs have submitted this request as a petition, rather than a motion, in light of the rule that (absent a claim of privilege, which is obviously inapplicable here) parties have no standing to oppose discovery requests propounded to non-parties. *See e.g. Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005) ("A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter.").[1]

Accordingly, the defendants have no standing to oppose this petition and plaintiffs respectfully request that the Letter of Request issue forthwith.

---

[1] The instant defendants and their current counsel have violated this rule in related cases. *See Saperstein v. Palestinian Authority*, 2010 WL 1371384 at * 3 (E.D.N.Y. 2010) (striking as improper the instant defendants' opposition to plaintiff's motion to compel discovery from a third-party).

If the Court nonetheless finds that it should have defendants' position regarding this petition, plaintiffs respectfully request that it direct defendants to state their position forthwith.

Because the purpose of depositions sought in the Letter for Request is not self-evident, plaintiffs respectfully provide the Court with the following explanation:

1)   Plaintiffs seek to depose Mahmoud Damara, a high-ranking officer in the Palestinian Authority's security services who is imprisoned in Israel, because he was publicly identified by the Israeli Foreign Ministry as the commander of the terrorist cell that murdered decedent Esh Kodesh Gilmore. *See* dkt. # 147 at Ex. A.

2)   Plaintiffs seek to depose Mustafa Misalmani, who is also imprisoned in Israel, because in a signed statement given to Israeli police on January 18, 2001, Misalmani recounted that Muhanad Abu Halawa – an officer in one of the Palestinian Authority's security services – had confessed to him (Misalmani) that he (Abu Halawa) had carried out an attack at the office of the Israeli National Insurance Institute in which one person was killed and another was wounded – obviously referring to the attack in which Mr. Gilmore was murdered.[2] The plaintiffs took Misalmani's deposition pursuant to a Hague Convention request issued by this Court in late 2001. At that deposition, Misalmani denied having made the January 18, 2001 statement.[3] However, during the course of his subsequent trial (for other terrorist attacks) Misalmani freely agreed to the admission of his January 18, 2001 statement into evidence.

---

[2] Abu Halawa died in March 2002 and his statement to Misalmani confessing to the murder is therefore clearly admissible under Fed.R.Evid. 804(b)(3). However, plaintiffs still need to establish the admissibility of Misalmani's own statement.

[3] Defendants' counsel did not participate in that deposition.

Accordingly, since Misalmani subsequently adopted the January 18, 2001 statement by agreeing to its admission during his criminal trial, Misalmani may now be willing to confirm the accuracy of his January 18, 2001 statement at a new deposition.

3) The Letter of Request also requests that Israeli authorities cause a knowledgeable employee of the Israeli National Insurance Institute[4] to be deposed about whether, aside from the October 2000 attack in which the decedent was murdered, there were other murders at any National Insurance Institute office in the fifteen years prior to Misalmani's January 18, 2001 statement and if so to provide the details thereof.

This deposition is necessary because in his confession to Misalmani, Abu Halawa neither identified the date of the attack that he carried out at the National Insurance Institute office nor mentioned decedent by name, but stated that one person was killed and another injured in the attack (which is exactly what occurred in the attack in which decedent was murdered).

Therefore, to foreclose any claim by defendants that the attack to which Abu Halawa confessed was not the attack from which this action arises, the plaintiffs need to depose a representative of the National Insurance Institute to establish that there were no other deadly attacks in a National Insurance Institute office in the fifteen years prior to Misalmani's January 18, 2001 statement (or at least none that could be attributed to Abu Halawa).

Plaintiffs chose the fifteen-year look-back period because Abu Halawa was a young child at that time and so obviously could not have carried out attacks then, or earlier.

**WHEREFORE**, the instant petition should be granted.

---

[4] Known in Hebrew as "Bituach Leumi."

Plaintiffs, by their Attorney,

/s/David J. Strachman
David J. Strachman
D.C. Bar No. D00210
McIntyre, Tate, & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlesq.com

**CERTIFICATION**

    I hereby certify that on August 3, 2010, a true copy of the within was sent via ECF to the following counsel of record:

Richard A. Hibey
Mark J. Rochon
Laura Fergurson
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

/S/ David J. Strachman