UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
REUVEN GILMORE, et al.,             )
                                   )
            Plaintiffs,             )    Civil Action No. 1:01cv853 (GK)
                                   )
    v.                              )
                                   )
THE PALESTINIAN INTERIM SELF-       )
GOVERNMENT AUTHORITY, et al.,       )
                                   )    Next Event:   July 15, 2011
            Defendants.             )                 Close of Discovery
_____)

**LETTER OF REQUEST FOR JUDICIAL ASSISTANCE PURSUANT
TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE
TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

To:   Legal Assistance to Foreign Countries
      The Director of Courts
      Directorate of Courts
      22 Kanfei Nesharim Street
      Jerusalem, Israel  95464

Dear Sir or Madam:

The United States District Court for the District of Columbia presents its compliments to the Directorate of Courts of the State of Israel and requests assistance, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), in obtaining evidence to be used in proceedings before this Court in the above-captioned action.

The above action is a civil claim filed on behalf of the family and the estate of decedent Esh Kodesh Gilmore, against The Palestinian Interim Self-Government Authority and The Palestine Liberation Organization.

1163297.2

The complaint alleges that defendants are liable to plaintiffs, under 18 U.S.C. § 2331 *et. seq.* and related causes of action, for damages caused by the shooting death of Esh Kodesh Gilmore on October 30, 2000, in the offices of the National Insurance Institute ("Bituach Leumi") in Jerusalem.

The assistance requested of the State of Israel consists of the following:

1) Causing the persons listed below to appear to be deposed by the parties' counsel before a commissioner appointed by this Court for the purpose of administering oaths in this action, with the depositions to be recorded stenographically and audiovisually:

    a) Bashar Khatib
       ID no. 080786288
       In the custody of the Israeli Prison Service

    b) Abdel Karim Aweis
       ID no. 980136675
       In the custody of the Israeli Prison Service

    c) Avi Issacharoff
       21 Schocken St.
       Tel Aviv

    d) Amos Harel
       21 Schocken St.
       Tel Aviv

2) Causing Avi Issacharoff and Amos Harel to produce, at their depositions, any and all records in their possession of any interviews of Abdel Karim Aweis, including any audio or audiovisual recordings of such interviews and any written records or notes of such interviews.

The assistance of the State of Israel is further requested to compel the deponents Avi Issacharoff and Amos Harel ("Journalist Deponents") to produce to counsel for Defendants, at least fourteen (14) days prior to the depositions, the following documents:

1. Copies of all books, articles, internet postings, blogs, publications, reports, speeches or analyses written, authored, edited, published or given by the Journalist Deponents during the period September 1, 2000 to the present relating to the Palestinian Authority or the Palestine Liberation Organization (including, without limitation, any officers or employees thereof), including, without limitation, the book entitled *The Seventh War*.

2. All documents relating to the books, articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No.1, including any drafts thereof.

3. All notes, memoranda and recordings (including, without limitation, audio, visual or audio-visual recordings) of any interviews or meetings conducted in connection with the books, articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. l.

4. All documents relating to any persons who are named, referenced or quoted in the books, articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. 1.

5. All notes, memoranda and recordings (including, without limitation, audio, visual or audio-visual recordings) of any interviews of or meetings with any persons in connection with any books, articles, internet postings, blogs, publications, reports, speeches or analyses relating to the Palestinian Authority or the Palestine Liberation Organization, including, without limitation, any interviews or meetings conducted with any persons who are named, referenced or quoted in the articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. l.

6. Documents sufficient to identify all persons who were sources of information for the books, articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. 1, whether those sources were disclosed, undisclosed, confidential or publicly available.

7. All communications between counsel for Plaintiffs in the above-captioned action and the Journalist Deponents relating to the subject matter of Request Nos. 1-6 above, to the above-captioned action or to any request for the deposition or testimony of the Journalist Deponents, including, without limitation, any such communications relating to any services performed by the Journalist Deponents or compensation provided to the Journalist Deponents with respect to any testimony in the above-captioned action.

8. All communications with any persons regarding the books, articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. 1 (including the subject matter thereof), including, without limitation, communications with any sources (including sources identified in response to Request No. 6), editors, publishers, supervisors, copy editors, researchers, co-authors, fact checkers and attorneys (including, without limitation, attorneys in the above-captioned case or in any other lawsuits in which the Palestinian Authority or the Palestine Liberation Organization were named as defendants).

9. All documents relating to any attack that occurred in Israel or the Occupied Palestinian Territory on or about October 30, 2000, including, without limitation, the attack that resulted in the death of Esh Kodesh Gilmore on October 30, 2000 alleged in the above-captioned action.

10. All documents relating to the Palestinian Authority or the Palestine Liberation Organization.

Pursuant to Article 10 of the Convention, in executing this Letter of Request the Israeli authorities are respectfully requested to apply the appropriate measures of compulsion in the instances and to the same extent as are provided by Israeli law for the execution of orders issued by Israeli authorities or of requests made by parties in internal proceedings.

This Court respectfully requests the assistance described above as necessary in the interests of justice.

Plaintiffs and/or their counsel, upon whose application this Letter of Request has been issued, shall pay all costs incurred in executing these requests.

This Court expresses its appreciation to the Directorate of Courts of the State of Israel for its courtesy and assistance in this matter and states that it will be ready and willing to assist the courts of Israel in a similar fashion when required.

Dated: _____    _____
                                Gladys Kessler
                                Senior United States District Judge