# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REUVEN GILMORE, et al.,

      Plaintiffs,

                                                                          Civ. No. 01-00853(GK)

    v.

THE PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY, et al.,

      Defendants.

## PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

For the reasons set forth in the attached Memorandum, the plaintiffs hereby respectfully move for an ORDER

(1)    Striking from the Answer filed by the Defendants (dkt. # 218) affirmative defenses nos. 1-14, inclusive; and

(2)    Granting any other relief that the Court finds just, necessary or appropriate.

                                                      Plaintiffs, by their Attorney,

                                                      /s/ Robert J. Tolchin
                                                      Robert J. Tolchin
                                                      D.C. Bar No. NY0088
                                                      111 Livingston Street, Suite 1928
                                                      Brooklyn, New York 11201
                                                      (718) 855-3627
                                                      Fax: (718) 504-4943
                                                      RJT@tolchinlaw.com

## **CERTIFICATION**

I hereby certify that on May 12, 2011, a true copy of this Motion was sent via ECF to the following counsel:

Richard A. Hibey
Laura Ferguson
Mark J. Rochon
Charles F.B. McAleer, Jr.
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

/s Robert J. Tolchin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REUVEN GILMORE, et al.,

        Plaintiffs,

                                                     Civ. No. 01-00853(GK)

v.

THE PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY, et al.,

        Defendants.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

**Introduction**

Orders striking improper affirmative defenses "remove unnecessary clutter from the case" and thereby "serve to expedite" litigation. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

For the reasons set forth below, plaintiffs ("Gilmores") respectfully move for an order striking from Defendants' Answer (dkt. # 218) affirmative defenses nos. 1-14, inclusive.

**ARGUMENT**

**I.**    **The Affirmative Defenses Should Be Stricken As Conclusory**

It is well established that conclusory, bare-bones affirmative defenses are improper and should be stricken. *See e.g. Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2nd Cir. 1996) ("Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy") (brackets and quotation marks omitted); *Heller Financial*, 883 F.2d at 1295 (affirmative defenses that are "bare bones conclusory allegations" should be stricken); *Fennell v. AARP*, --- F.Supp.2d ----, 2011 WL

1

899334 (D.D.C. Mar. 16, 2011) ("exhaustion of administrative remedies is … an affirmative defense" and therefore "meager, conclusory allegations that the plaintiff failed to exhaust his administrative remedies … are plainly insufficient.") (brackets and quotation marks omitted).

Affirmative defenses nos. 1-14 could not be *more* bare-bones or conclusory. *See* dkt. # 218 at 1-3. Accordingly, those affirmative defenses can and should be stricken.[1]

## II. The Third and Sixth Affirmative Defenses Should Be Stricken As Waived

Defendants' third and sixth affirmative defenses should be stricken for the additional reason that they purport to assert defenses that have been waived.

The third and sixth affirmative defenses assert that the Court lacks personal jurisdiction over Defendants and that this Court is an improper venue. But Defendants failed to assert these defenses in their motion to dismiss,[2] and thereby waived them. *See* Fed.R.Civ.P. 12(h)(1); 5C Wright & Miller, *Federal Practice and Procedure* § 1391 ("[I]t now is settled that any time a defendant makes a pre-answer Rule 12 motion, he or she must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b). If one or more of these defenses are omitted from the initial motion but were 'then available' to the movant, they are permanently lost. Not only is the defendant prevented from making it the subject of a second preliminary motion, but … the defendant may not even assert the defense in the answer."

---

[1] Defendants' putative "Fifteenth Affirmative Defense" is not an affirmative defense at all, but the actual substance of Defendants' response to the allegations of the complaint. *See* dkt. # 218 at 4. While this caption is clearly improper, the Gilmores have no need to seek no relief in respect thereto.

[2] *Gilmore v. PA*, 422 F.Supp.2d 96, 102 n.4 (D.D.C. 2006) ("Defendants did not move to dismiss the PLO and the PA from this action for lack of personal jurisdiction.")

Accordingly, these defenses must be stricken on the additional ground (aside from being conclusory) that they were waived.[3]

### III. The Fourth Affirmative Defense Should be Stricken Under Rule 9(a) and As Waived

Defendants' fourth affirmative defense asserts that they lack capacity to be sued in respect to the non-federal claims. Defendants' denial of capacity is not only fatally conclusory (like their other affirmative defenses), but also fails to comply with Fed.R.Civ.P. 9(a), which provides that a party seeking to raise the issue of capacity to sue or be sued "must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." *Id*. (emphasis added). *See also e.g. Marston v. American Emp. Ins.*, 439 F.2d 1035, 1041 (1st Cir. 1971) (American's answer denied the administratrices' capacity to sue, but F.R.Civ.P. 9(a) requires not only that a defendant make a specific negative averment if he challenges a plaintiff's authority to sue in a representative capacity, but also that the averment include 'such supporting particulars as are peculiarly within the pleader's knowledge'. American merely denied each and every averment in the relevant paragraph of the amended complaint; no mention was made of the reason for the denial.") (emphasis added).

Moreover, Defendants' failure to provide particulars in support of this claim is especially egregious, in light of the fact that they are denying their *own* capacity to be sued and whatever facts they believe support that claim are thus "peculiarly within [their] knowledge." Rule 9(a). *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1391 ("Rule 9(a) expressly requires

---

[3] Indeed, the inclusion of these indisputably waived defenses in the Answer is clearly frivolous and so sanctionable. *See Heller Financial*, 883 F.2d at 1295 (District court found affirmative defenses frivolous and therefore imposed sanctions under Fed.R.Civ.P. 11).

a pleader to set forth any particulars supporting the denial of capacity, legal existence, or authority that are peculiarly within his knowledge. This provision normally is relevant <u>when a party is denying his or her own capacity to sue or be sued</u>.") (emphasis added).

Furthermore, it is well established that a defense of lack of capacity must be raised at the first opportunity or else be deemed waived. See e.g. *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 (9th Cir. 2000); *Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manor, Inc.*, 929 F.2d 343, 345 (7th Cir. 1991); *MTO Maritime Transp. Overseas, Inc. v. McLendon Forwarding Co.*, 837 F.2d 215, 218 (5th Cir. 1988).

Thus, even if the defense had been asserted with the necessary specificity (which it certainly was not), by failing to assert this defense in their motion to dismiss and raising it only many years later, Defendants have waived it. See e.g. *N.A.A.C.P. Labor Committee of Front Royal, Va. v. Laborers' Intern. Union of North America*, 902 F.Supp. 688 (W.D.Va. 1993) (Lack of capacity waived when raised some two years after action was filed); *Pressman v. Estate of Steinvorth*, 860 F.Supp. 171 (S.D.N.Y. 1994) (Defense of lack of capacity was waived when party waited more than seven years before raising it and failed to give explanation for his claim that heir did not have requisite standing to sue).

## IV. The Fifth Affirmative Defense Should Be Stricken As Improper

Defendants' fifth affirmative defense, which asserts that plaintiffs have failed to state a claim, should also be stricken because "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D.Cal. 2010). See also *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 (S.D.Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars

4

recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.").

**WHEREFORE**, the instant motion should be granted.[4]

Plaintiffs, by their Attorney,

/s/ Robert J. Tolchin
Robert J. Tolchin
D.C. Bar No. NY0088
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
RJT@tolchinlaw.com

### CERTIFICATION

I hereby certify that on May 12, 2011, a true copy of this Memorandum was sent via ECF to the following counsel:

Richard A. Hibey
Laura Ferguson
Mark J. Rochon
Charles F.B. McAleer, Jr.
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

/s Robert J. Tolchin

---

[4] Defendants' counsel have informed the Gilmores' counsel that defendants oppose this motion.

5