UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REUVEN GILMORE,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 01-853 (GK) |
| | : | |
| **PALESTINIAN INTERIM SELF-** | : | |
| **GOVERNMENT AUTHORITY,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Defendants have filed a Motion for Clarification of the Court's December 28, 2009, Order Regarding Reimbursement of Costs. Upon consideration of the Motion, the Opposition, and the Reply, the Court concludes that the Motion should be **granted in part and denied in part**.

On December 28, 2009, when the Court granted the Defendants' Motion to Vacate the Clerk's Entry of Default, the Court ordered Defendants to "pay reasonable costs, including court costs and attorney's fees incurred by Plaintiffs as a result of the default" [Dkt. #157]. Gilmore v. Palestine Interim Self-Government Authority, 675 F. Supp. 2d 104, 113-14 (D.D.C. 2009). Now, almost two years later, the parties have still not settled this issue.

Plaintiffs sought reimbursement of the expenses of 22 individuals in the Gilmore family to travel to the United States for the hearing on damages, which took place subsequent to entry of the second default against Defendants. Of those 22 individuals, only nine testified at the hearing. Even though that hearing lasted three days, Plaintiffs seek reimbursement for expenses incurred during the 10 day-period when they were in the United States. The total amount of expenses sought by

Plaintiffs is $45,223. While each Plaintiff has submitted a short declaration as to their expenses, none of these expenses have been substantiated with written documentation.

Given the fact that it was the Court's intent to reimburse the Plaintiffs for the reasonable expenses that they incurred in order to testify at the June 2007 damages hearing, the Court concludes that it is appropriate to reimburse them for the air fare and ground transportation expenses of 21 of the 22 individuals who traveled to the United States for the hearing. Even though only nine of those individuals actually testified, Plaintiffs have more than adequately explained in their declarations why it was necessary to bring very young babies and young children on the trip rather than leave them in Israel. Each of the Plaintiffs also brought a spouse or fiancee along with the children in order to provide child care when the Plaintiffs themselves were testifying or consulting with their attorneys in preparation for the hearing. Of this group of 22 individuals, the Court does exclude one individual, Tova Ratz, the mother-in-law of Imbal Gilmore, who was the widow of Eshkodesh Gilmore. Ms. Gilmore brought along her husband Ofer Ratz to care for their three children who were two months old, four years old, and eight years old. While the Court understands full well how much time and energy it takes to care for three young children, it was not reasonable to bring an additional individual, such as Ms. Gilmore's mother-in-law, to care for the children.

In addition, the Court concludes that the Plaintiffs should be reimbursed for only 70 percent of the expense items which are being addressed in this Order. While the hearing took only three days, it would be reasonable for the Plaintiffs to have spent two full days conferring with counsel to prepare for the hearing; and travel to and from Israel takes approximately one day each way. For that reason, the Court thinks it fair and reasonable for Defendants to pay for seven days, or 70 percent of those expenses deemed appropriate.

The Court is allowing these transportation expenses even though there is no documentation. There is no disagreement that the Plaintiffs traveled to the United States to testify, returned to Israel, and had to pay for their transportation. Moreover, at that point in this long drawn out case, the Plaintiffs had no reason to think they would ever recover the monies they were expending and so it was not unreasonable for them to not retain documentation of their travel.

As to travel insurance, it was totally reasonable for the Plaintiffs to procure that item. With so many young children included in the travel to the United States, all sorts of problems, such as illness, could have cropped up which might have forced last minute changes in plans or cancellation of the travel. Once again, however, only 70 percent of the travel insurance costs should be paid by Defendants.

As to food expenses, once again, 70 percent of those requested should be paid. What is more, there should be no complaints about that amount since Plaintiffs were fortunate enough to stay with "host families" in the United States and, therefore, incurred no lodging expenses and far lower food expenses than if they had to eat all their meals in restaurants.

As to cellphone rentals, in this day and age when international communication is commonplace, it was not unreasonable for the Plaintiffs to rent cellphones so they could keep in touch with each other, their lawyers, and their families in Israel. Once again, only 70 percent of these expenses are reimbursable.

As to the lost income claims and the claim for interest on a loan that Mr. Gilmore states he took out in order to finance the travel costs of all these people, the Court concludes that those expenses are not compensable. Plaintiffs offer no substantiation whatsoever to flesh out these requests, and there is no basis for deciding what the appropriate amounts should be.

Based on the foregoing, it is this 27th day of October, 2011, hereby

**ORDERED**, that Defendants' Motion is **granted in part and denied in part.**

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**