UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REUVEN GILMORE**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 01-853 (GK) |
| | : | |
| **PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Defendants have filed a Motion for Clarification of the Court's Order dated October 5, 2011. Upon consideration of the Motion, the Opposition, and the Reply, the Court concludes that the Motion for Clarification should be **granted**.

1.  Defendants wish to know whether the October 5, 2011, Order now precludes them from seeking a protective order under Fed. R. Civ. P. 26(c)(1)(A), against the Fed. R. Civ. P. 30(b)(6) depositions which had been noticed for September 20 and 21, 2011 [Dkt. #259]. That Order denied the Motion for a Protective Order as moot because the Defendants waited until the actual day that the first deposition was scheduled to file it. Concluding that it was impossible for Plaintiffs to respond, as well as for the Court to rule before the depositions in question were completed, the Court ruled that the Defendants' Motion should be denied as moot and "without merit." The language "without merit" applied to the timing of the filing of the Motion and to the Court's assumption that the depositions would be concluded before a ruling could be made. It did not apply to the merits of Defendants' motion to file a Motion for Protective Order and does not preclude them from filing it again, well in advance of the depositions. Consequently, Defendants

may file a Motion for Protective Order regarding the Rule 30(b)(6) depositions which were scheduled for September 20 and 21, 2011, no later than **seven days** after the entry of this Order. Defendants' Motion is not to exceed 10 pages; Plaintiffs' Opposition shall be filed **14 days** after the filing of the Defendants' Motion and shall not exceed 10 pages; and Defendants' Reply shall be filed **seven days** after the filing of the Opposition and shall not exceed five pages.

2.     Defendants seek a ruling as to whether deposition discovery is now open for all purposes, as Plaintiffs contend, without any requirement of a demonstration of "extraordinary circumstances" for initiating new discovery at this stage of the litigation. In its Order of May 5, 2011 [Dkt. #224], the Court ruled that "the discovery schedule contained in the Order of March 28, 2011 [Dkt. #212] will remain in effect, unless and until extraordinary circumstances require a readjustment." There has been no change in or amendment of either of those two Orders, and, therefore, new deposition discovery is now closed unless "extraordinary circumstances" are found to exist.

3.     As of this date, to the Court's knowledge, Plaintiffs have taken 3 Hague Depositions and have scheduled an additional 7 Hague Depositions. However, as a practical matter, Plaintiffs believe that two of those Hague Depositions will not take place. Pls.' Opp. at 2 n. 1. In addition, Plaintiffs have scheduled two Fed. R. Civ. P. 30(b)(6) depositions to which objection will be made. Thus, it would appear that at most, Plaintiffs will take 10 depositions, the number to which they are entitled under a previous Scheduling Order of. Therefore, at this moment, no party is exceeding the 10 depositions to which they are entitled.

**WHEREFORE**, it is this 27th day of October, 2011, hereby

**ORDERED**, that Defendants' Motion for Clarification is **granted** in accordance with the rulings herein.

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**