UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REUVEN GILMORE,** *et al.,* | : |
| **Plaintiffs,** | : |
| v. | : Civil Action No. 01-853 (GK) |
| **PALESTINIAN INTERIM SELF-** | : |
| **GOVERNMENT AUTHORITY,** *et al.,* | : |
| **Defendants.** | : |

## MEMORANDUM ORDER

Plaintiffs have filed a Motion to Compel the Defendants' General Intelligence Service ("GIS") to release certain documents over which the PA had asserted the state secrets and law enforcement privileges [Dkt. No. 303]. A Status Conference was held on May 20, 2013, during which the subject matter of the Motion to Compel was discussed at length. As a consequence of that discussion, the Court Ordered the Defendants to provide an *ex parte* memorandum giving more detail about its legal position and to submit the responsive documents from GIS [Dkt. No. 311]. Defendants complied and the materials were submitted under seal, *in camera*, and *ex parte*, on June 3, 2013.

The Court has examined all of the responsive GIS materials submitted by Defendants, and has, of course, also considered the legal arguments made by both Parties. Upon consideration of all these materials, the Court concludes, for the following reasons, that the Motion to Compel should be **denied**.

1.      Nowhere in the 25 pages submitted by Defendants is there any admissible evidence that would be relevant to Plaintiffs' case. In other words, there is no information in the files revealing advance knowledge on the part of the PA of the October 30, 2000, shooting which is at the center of this case.

2.      As to Abu Halawa's file, it contains no documents which pre-date the October 30, 2000, shooting. As to Damra's file, all but one page, contains only documents created after 2011, more than 10 years after the October 30, 2000, shooting, and that one page is dated after the attack. As to Mislamani's file, there is some brief mention of the attack at the Israeli National Insurance Institute, where the October 30, 2000, shooting took place. None of the information contained in those two portions would be admissible at trial. Finally, Plaintiffs have admitted in their Opposition to Defendants' Motion for Reconsideration that their "sole potentially admissible evidence . . . is a signed statement given to the Israeli police on January 18, 2001, by Mustafa Mislamani." DE 193 at 2. Thus, Plaintiffs already possess a version of the statements given by Mr. Mislamani to the Israeli police.

3.      In Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the S.D. Iowa, 483 U.S. 522 (1987), the Supreme Court set forth factors which are relevant in considering whether to compel disclosure of documents where such disclosure is objected to by the foreign government in possession of them. Among the five factors is "(5) the extent to which . . . compliance with the request would undermine important interests of the state where the information is located." Id. at 544.

Defendants have submitted as Exhibit A to their Supplemental Memorandum, the Declaration of Khaled Abu Al-Yaman, who is the Head of the Operations and Information Department of the GIS. In that Declaration, General Al-Yaman sets forth numerous persuasive arguments for concluding that disclosure of the requested files would "undermine important interests" of the PA.

**WHEREFORE**, it is this 6th day of June, 2013, hereby

**ORDERED**, that Plaintiffs' Motion to Compel is **denied**; and it is further

**ORDERED**, that Plaintiffs' Opposition to the pending Motion for Summary Judgment shall be filed **no later than July 9, 2013**; and it is further

**ORDERED**, that Defendants' Reply shall be due **no later than July 15,, 2013**.

*Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**