**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

REUVEN GILMORE, et al.,

               Plaintiffs,

                                                  Civ. No. 01-0853(GK)

     v.

THE PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY, et al.,

               Defendants.

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION
TO STRIKE OR SUMMARILY DENY, AS WAIVED AND BARRED,
DEFENDANTS' UNTIMELY MOTION FOR JUDGMENT ON THE
<u>PLEADINGS FOR LACK OF PERSONAL JURISDICTION</u>**

<u>**Introduction**</u>

The most important passage in defendants' Opposition to plaintiffs' Plaintiffs' Motion to

Strike or Summarily Deny appears at the very end, where defendants astonishingly state:

> Defendants respectfully contend that the Court should dismiss for lack
> of personal jurisdiction in light of *Daimler*. Defendants, however, have
> no wish to delay the Court's resolution of the motion for summary
> judgment. The grant of either motion disposes of the case. Defendants
> defer to the Court as to which motion to take up first.

DE 362 at 25.

This statement is extremely significant for two reasons:

***First***, it constitutes yet *another* submission by defendants to the personal jurisdiction of

this Court. It is elementary that the Court could not grant defendants' motion for summary

judgment unless it has personal jurisdiction over defendants, as defendants know well. Indeed. in

their Motion for Judgment on the Pleadings for Lack of Personal Jurisdiction, defendants

themselves explicitly argued that "given that *jurisdiction is a condition precedent* to any decision

1

on the substantive merits, Defendants need to bring *Daimler* to this Court's attention at this time, not after the Court rules on summary judgment." DE 359 at 2 (emphasis added).

Thus, the invitation to the Court to rule on the summary judgment motion and dismiss the case without reaching the personal jurisdiction motion contained in defendants; Opposition must be construed as a further waiver of any challenge to personal jurisdiction and an additional act of submission to the jurisdiction of this Court since, as defendants themselves correctly insist, "jurisdiction is a condition precedent to any decision on the substantive merits." *Id*.

**Second**, this statement, which is a frank retreat from defendants' previous demand that the Court resolve the personal jurisdiction issue before ruling on the summary judgment motion, clearly shows that the defendants no longer take their own personal jurisdiction motion seriously.

Justifiably so: as shown in plaintiffs' opening motion, and as further detailed below, defendants unquestionably and repeatedly waived any personal jurisdiction defense, and submitted to the jurisdiction of this Court, on multiple occasions over the past twelve years.

Accordingly, the Court should strike or deny defendants' Motion for Judgment on the Pleadings, following which it should deny their Motion for Summary Judgment and schedule this civil action for a jury trial at the Court's first available dates.

## ARGUMENT

### A.  Waiver Under Rule 12(h)(1)(A) and Bar Under Rule 12(g)

Defendants claim that they did not waive any personal jurisdiction defense under Rule 12(h)(1)(A), and that their current jurisdictional challenge is not barred under Rule 12(g)(2), because the Supreme Court decision on which they base their motion, *Daimler AG v. Bauman*, was issued only in January 2014, and so a personal jurisdiction defense was therefore not

"available" to them, within the meaning of Rule 12(g)(2), when they filed their Rule 12(b) motion in 2002. DE 362 at 2, 9-12.[1]

This argument is meritless. A defense is "available" within the meaning of Rule 12(g)(2) unless "it was for ***all practical purposes impossible*** for the defendants to interpose" it. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 n.9 (D.C. Cir. 1988) (citing cases) (emphasis added). *See also e.g. Zelman v. U.S.*, 893 F.Supp. 78, 81-82 (D.Me. 1995) (A defense is "unavailable" within the meaning of Rule 12(g) only if the defendant was not "aware" that the relevant element of the plaintiff's case is "at least questionable.").

It was not "for all practical purposes impossible" for defendants to assert a personal jurisdiction defense when they filed their Rule 12(b) motion in 2002. On the contrary, it was eminently possible for them to do so, as empirically evidenced by the fact that they repeatedly asserted such a defense in other cases, both prior and subsequent to that time period. *See* DE 360 at 14-15 (citing cases in which defendants raised the defense).

Defendants should not now be heard to claim that when they – through both their past and *current* counsel – repeatedly argued to various U.S. courts over the past nearly quarter-

---

[1] In a clumsy effort to avoid waiver and to maneuver the Court into adopting a non-existent term of art, defendants' Opposition repeatedly refers to their defense as a "*Daimler* defense," rather than a "personal jurisdiction" defense. But Rules 12(g)-(h) speak of five enumerated defenses *in their entirety*, not of individual decisions *construing* those defenses. Thus, Rules 12(g)-(h) govern the waiver of the defense of "lack of personal jurisdiction" as a whole, and do not recognize a "*Daimler* defense" as a separate defense, any more than they do an "*International Shoe* defense" or a "*Burger King v. Rudzewicz* defense."

Tellingly, defendants adopted this new name for their defense for the first time in their Opposition; in their Motion for Judgment on the Pleadings, and in the Memorandum and Proposed Order submitted therewith, defendants consistently and correctly refer to their defense as the defense of "lack of personal jurisdiction." *See e.g.* DE 359 at 1 ("Defendants … hereby move this Court to grant them judgment on the pleadings on their defense of lack of personal jurisdiction."); *id.*, *passim*.

century that their contacts with the United States were insufficient to satisfy Due Process, they did not really believe their own minimum contacts arguments. And since defendants could and did assert a personal jurisdiction defense based on a lack of sufficient minimum contacts in other cases, that defense was clearly "available" to them when they filed their 2002 Rule 12(b) motion, irrespective of whether *Goodyear* and *Daimler* later adjusted the contours of that defense.

Moreover, as shown in our opening motion papers, these defendants have been challenging the personal jurisdiction of the U.S. courts on two additional grounds unrelated to the *scope* of their contacts. *See* DE 360 at 14-15 (citing cases in which defendants argued that, irrespective of scope, their U.S. contacts are all non-cognizable "governmental contacts," and/or that the exercise of jurisdiction over them would violate "fair play and substantial justice.").

Thus, not only was the defense of lack of personal jurisdiction "available" to defendants when they filed their Rule 12(b) motion, but defendants could and did challenge personal jurisdiction in other cases on *three* independent grounds (scope of contacts, government contacts, fairness), each of which was sufficient, standing alone (if it had been asserted by defendants and accepted by the Court) to require dismissal of the case for lack of personal jurisdiction.[2]

Accordingly, since they omitted the fully "available" personal jurisdiction defense from their Rule 12(b) motion, defendants permanently waived any such defense under the automatic waiver provisions of Rule 12(h)(1). "Failure to raise in the initial response results in permanent waiver of the defense, leading Rule 12(h) to be dubbed the 'raise or waive' rule." *Plunkett v. Valhalla Investment Services, Inc.*, 409 F.Supp.2d 39, 41 (D.Mass. 2006); *Carter v. City of Thibodaux*, 2013 WL 5673570 at *2 (E.D.La. Oct. 15, 2013) ("Under Rule 12(h)(1), a party automatically waives a

---

[2] *See e.g. Conn v. Zakharov*, 667 F.3d 705, 720 (6th Cir. 2012) ("Even if we did find that Zakharov's contacts were sufficient to subject him to the state's general jurisdiction, we do not believe that exercising jurisdiction would accord with 'fair play and substantial justice.'").

defense [enumerated in Rule 12(b)(2)-(5)] if the defense is not included in a responsive pleading or a motion to dismiss filed before the responsive pleading."); *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996) (noting that Rule 12(h)(1) is an "automatic waiver provision.").

The Court need go no further: under Rules 12(g)-(h), the putative personal jurisdiction defense asserted in defendants' Motion for Judgment on the Pleadings is waived and barred, and that motion therefore can and should be summarily stricken or denied.[3]

### B.  Waiver by Extensive Post-Default Litigation

Plaintiffs showed in their opening motion papers that, pursuant to *Democratic Republic of Congo v. FG Hemisphere Associates, LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007), defendants' participation in extensive post-default litigation in this case without ever challenging the Court's jurisdictional over them, constituted a further waiver of any such defense. *See* DE 360 at 16-18.

Defendants' main defense to this argument is to point out that the period of post-default litigation in *Democratic Republic* was thirteen months, while here it was six months. DE 362 at 13-14. Aside from the fact that defendants' "six months" calculation is dubious (current defense counsel were active on the default proceedings both before their formal appearance in the case and after they filed the motion to vacate default[4]), a bald comparison of time periods is a useless exercise; since a waiver of and submission to personal jurisdiction can occur even in an instant,

---

[3] Defendants do not appear to fault their prior counsel for their waiver. For good reason. *Robbins Motor Transp. v. Translink*, 2009 WL 3147853 at *1 n.2 (E.D.Pa. 2009) ("Translink's decision to challenge personal jurisdiction coincided with its retention of new counsel in this case. The court will not, however, distinguish *Bel–Ray* on that basis. To do so would invite parties in future cases to secure new representation for the express purpose of reviving previously waived issues.")

[4] *See Carter*, 2013 WL 5673570 at *2 (noting that the filing of an answer by a defendant in default, for purposes of Rule 12(h)(1), runs from the date that the default is set aside; "because all defendants are in default, they are limited to filing a *proposed* answer on the merits. Unless and until default is set aside, the defendants cannot be deemed to have answered the plaintiff's petition.").

and depend on the nature of the defendant's conduct, the correct approach here is to examine the substance and scope of the defendants' post-default actions. Such an examination readily shows that the instant defendants' post-default litigation conduct was far, far broader, deeper and more intensive than that of the defendant in *Democratic Republic*. *See* DE 360 at 17-18. Therefore, that conduct constituted a further waiver of any personal jurisdiction defense.

Defendants also attempt to explain away their post-default conduct by claiming that plaintiffs' counsel was "aware that in both the *Ungar* and *Biton* cases, the PA and PLO had contested personal jurisdiction." DE 362 at 14. This claim is untrue. *See Biton v. Palestinian Authority*, 310 F.Supp.2d 172, 180 at n.6 (D.D.C. 2004) ("The defendants do not challenge the Court's exercise of personal jurisdiction over the PLO."). Moreover, the fact that defendants challenged personal jurisdiction in other cases, but did not do so in this case, only serves to prove that their waiver and submission to jurisdiction in this case was knowing and intentional.[5]

Defendants further claim that the Court should ignore their failure to assert a personal jurisdiction defense because "[i]f the Court had not vacated the default, and had proceeded to enter a default judgment as Plaintiffs had requested, it would have been required to make a finding that it in fact had personal jurisdiction over the Defendants." DE 362 at 16. In support of this claim defendants cite *Mwani v. Bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005) for the rule that "a

---

[5] Courts do not inquire into a defendant's subjective motives for waiving a defense; what matters is the defendant's objective conduct and what it implies. *Gibbs v. U.S.*, 865 F.Supp.2d 1127, 1338 n.8 (M.D.Fla. 2012) ("Here, *for whatever reason*, Defendants have chosen not to raise the issue of venue in their motion, and the Court declines to do so in the face of this apparent waiver.") (emphasis added). However, while motives are irrelevant, there is nothing illogical or surprising about defendants' waiver of the defense in this case; from day one, defendants have argued (if not crowed) that plaintiffs lack admissible evidence of the identity of the shooter – a position exemplified by their motion for summary judgment, which is unsupported by any evidence or testimony, and merely challenges plaintiffs' ability to put on a case. Thus, defendants may well have preferred a binding merits determination in this case to a jurisdictional dismissal (at least until recently).

6

court should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." DE 362, *id.*

This argument is baseless because *Mwani*'s rule that a plaintiff cannot obtain default judgment without first showing that the court has personal jurisdiction over the default defendant applies *only* when the defendant did not *first* appear and waive any personal jurisdiction defense (or unsuccessfully challenge personal jurisdiction), *prior* to entry of default judgment.

Thus, for example, in *e360 Insight v. Spamhaus Project*, 500 F.3d 594 (7th Cir. 2007), the foreign defendant, Spamhaus, initially appeared in the earlier stages of the litigation, waived a personal jurisdiction defense through its conduct, and then intentionally defaulted. After default judgment was entered Spamhaus appealed, arguing that the judgment was void because the district court "enter[ed] judgment without *first* conducting an affirmative inquiry into whether it had personal jurisdiction over Spamhaus." *Id*. at 598. The Seventh Circuit rejected this argument, finding that the district court had reasonably "interpreted [Spamhous'] conduct preceding default as a waiver" of a personal jurisdiction defense, and that:

> The cases on which Spamhaus relies involve foreign defendants **who had not appeared in the action**. *See Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp*., 115 F.3d 767, 772 (10th Cir.1997) ("[A] district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party *who has not appeared* in the case." (emphasis added)). We need not decide whether we would impose the same rule on district courts in this circuit if faced with that situation because it is not the one we face here …

*e360 Insight*, 500 F.3d at  599-600 (bold emphasis added). *See also e.g. Broadcast Music v. M.T.S. Enterprises*, 811 F.2d 278, 280-281 (5th Cir. 1987) (rejecting defendants' claim that

default judgment was void for lack of personal jurisdiction, after finding that prior to defaulting the defendants had waived any such a defense by operation of Rule 12(h)(1)).[6]

Therefore, defendants' notion that a plaintiff needs to prove personal jurisdiction as a condition of default judgment even where, as here, the defendant appeared in the case and waived any personal jurisdiction defense prior to defaulting, it utterly baseless. Indeed, adopting defendants' approach would illogically award defendants who waive defenses and then default an advantage not enjoyed by waiving defendants who remain in the case, and would encourage defendants to default cases in order to revive previously-waived defenses on appeal. [7]

Moreover, the principle reflected in *e360 Insight* applies in this case with added force, for at least two reasons: *First*, the instant defendants' first pre-default waiver was a statutory, automatic waiver under Rule 12(h), in contrast to Spamhous' waiver-by-conduct, which required the court to "interpret" its pre-default actions; *Second*, unlike Spamhous, the instant defendants did not walk away from the case and await a default judgment; they vigorously fought plaintiffs' efforts to prove their damages, and then successfully moved to vacate default.

---

[6] *Cf. Pardo v. Mecum Auction*, 2014 WL 627690 at *3 (N.D.Ill. Feb. 18, 2014) ("[T]he general principle that personal jurisdiction is waived if not timely raised by motion or answer does not apply in cases of default, **where there *is* no answer or motion**.") (bold emphasis added).

[7] Defendants also claim, in the same vein, that "[i]t would make no sense to hold that, by participating in the post-default damages hearing, the Defendants thereby forfeited the right to have the Court make a determination on personal jurisdiction that they would have had if they remained in default." DE 362 at 16. But that is exactly what happened in *Democratic Republic*. Thus, what makes "no sense," according to defendants, is a decision of the D.C. Circuit. In any case, by the time of the post-default damages hearings, defendants had no such "right," because they had waived the personal jurisdiction defense prior to entry of default, by excluding it from their Rule 12(b) motion.

### C.  Defendants' Improper Inclusion of the Defense in Their Answer Is a Nullity

As plaintiffs showed on the basis on unanimous authority, defendants' putative inclusion of a personal jurisdiction defense in their Answer was legally meaningless, since defendants waived that defense by excluding it from their pre-Answer Rule 12(b) motion. DE 360 at 13-14.

Defendants present three arguments why inclusion of the waived personal jurisdiction defense in their Answer was valid, all of which are meritless:

*First*, defendants claim that the Court "rejected" plaintiffs' position regarding the invalidity of the personal jurisdiction defense in defendants' Answer, when it denied plaintiffs' Motion to Strike Affirmative Defenses, and "that ruling is law of the case." DE 362 at 12.

This claim is absurd. The Court denied plaintiffs' Motion to Strike with a one-sentence Order, without an opinion. DE 251. It is well established that "[t]he 'law of the case' doctrine …does not apply when the order does not reach the merits of a claim." *National Traffic Service, Inc. v. Fiberweb, Inc.*, 2012 WL 3822165 at *2 (W.D.N.Y. Sept. 4, 2012). *See also e.g. Burrows v. BAC Home Loans Servicing*, 2010 WL 308720 at *2 (E.D.Cal. Jan. 12, 2010) (When grounds for the court's prior order are "unclear … the 'law of the case doctrine' is not applicable").

Indeed, it is basic that an order denying a motion for relief against an adversary, such as the Court's order denying plaintiffs' Motion to Strike, does not imply that the adversary's conduct was legitimate, much less create "the law of the case." *See e.g. Mudron v. Brown & Brown*, 2005 WL 645927 at *2 (N.D.Ill. Mar. 17, 2005) ("To establish what Brown contends is the 'law of the case', Brown cites three of our previous minute orders in which we denied Mudron's earlier requests for Rule 37(a)(4) attorney's fees and costs. Although we orally denied earlier motions by Mudron for sanctions, *we made no findings* as to whether Brown's actions …

were substantially justified. Accordingly, Brown's argument as to the law of the case is misplaced.") (emphasis added, docket citation omitted).

Moreover, "a court must affirmatively decide an issue, *explicitly or by necessary implication*, to establish law of the case." *Sherley v. Sebelius*, 689 F.3d 776, 783 (D.C. Cir. 2012) (brackets and quotation marks omitted) (emphasis added). Here, defendants asserted *multiple* grounds to deny the Motion to Strike, many of them threshold grounds completely unrelated to the merits of whether they had waived the personal jurisdiction defense. *See* DE 233 at 3-5 (arguing that "a motion to strike should not be granted unless 'the portions sought to be stricken are prejudicial or scandalous,'" that "the court must draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike," that the plaintiffs had failed to show that defendants' affirmative defenses "are prejudicial or scandalous" and that, "For this reason alone, the Court should deny Plaintiffs' motion.") (ellipsis omitted).

Therefore, since the Court's order denying the Motion to Strike did not decide the question of whether defendants had waived a personal jurisdiction defense "explicitly or by necessary implication" – since it may well have turned on one or more of the non-merits arguments asserted by defendants in opposition, it could not establish the law of the case.

Furthermore, the "law of the case … doctrine does not apply to interlocutory orders." *Chang v. U.S.*, 738 F.Supp.2d 83, 88 n.3 (D.D.C. 2010). *See also Langevine v. Dist. of Columbia*, 106 F.3d 1018, 1023 (D.C.Cir. 1997) ("Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment.").

Thus, the Court's denial of the Motion to Strike without an opinion or a recitation of grounds cannot be interpreted as an endorsement of defendants' claim not to have waived the defense, or as an indication that the Court even considered the merits of that issue.[8]

Notably, even assuming purely for the sake of argument that the denial of the motion to strike indicated that defendants had, somehow, preserved a personal jurisdiction defense by including in their Answer, defendants still get nowhere, because they failed to take any steps to press that defense after the motion to strike was denied. Thus, for example, in *Ear v. Empire Collection Authorities, Inc.*, 2012 WL 3249514 (N.D.Cal. Aug. 7, 2012), the plaintiff moved to strike a personal jurisdiction defense from defendant's answer, on the grounds that it was inadequately pled. The court denied that motion, but held that:

> [M]erely invoking a Rule 12(b)(2) defense in an answer does not preserve the defense for the duration of the case. … Defendants must do something to test the defense, and jurisdictional challenges should be addressed sooner rather than later. Accordingly, though the Court gives Defendants leave to amend their answer, Defendants first must file a motion to dismiss this action for lack of personal jurisdiction if Defendants intend to litigate that defense.

*Id*. at *3.

So too here: after the Court denied the motion to strike their putative personal jurisdiction defense from their Answer on July 14, 2011, defendants were obligated (under their own theory that the defense had not previously been waived) to "do something to test the defense … sooner rather than later … if Defendants intend[ed] to litigate that defense" *Id*. In the event, of course, defendants sat on their hands and did absolutely nothing for 2½ years. *Cf. Kyocera Wireless v.*

---

[8] To the extent, if any, that the Court *did* intend to endorse defendants' claim of non-waiver when it denied the motion to strike, that endorsement was, respectfully, erroneous, since defendants clearly waived their defense long prior to the filing of their answer, as set forth in plaintiffs' opening Memorandum and in this Reply.

*International Trade Com'n*, 545 F.3d 1340, 1352 (Fed. Cir. 2008) ("Qualcomm cannot invoke intervening Supreme Court case law to correct its own procedural misstep.")

Defendants' inaction is particularly egregious considering that the Supreme Court issued its decision in *Goodyear* establishing the "essentially at home" standard for general personal jurisdiction, in June 2011, shortly *before* the Court denied the motion to strike on July 14, 2011; thus, given defendants' current claim that the creation of the "essentially at home" standard was a watershed event that shields them from the general personal jurisdiction of the U.S. courts, defendants should (according to their own position) have filed their motion for judgment on the pleadings for lack of personal jurisdiction, based on the "essentially at home" test, immediately after the denial of the motion to strike. Notably, in August 2011, just a few weeks after this Court denied the Motion to Strike, these defendants, represented by the same counsel, cited and relied on *Goodyear*'s "at home" standard in a brief filed by them in the U.S. Supreme Court. *See Mohamad v. Rajoub*, 2011 WL 3664462 at *17 (Aug. 19, 2011) (quoting *Goodyear*: "[T]he paradigm forum for the exercise of general jurisdiction … for a corporation [is] one in which the corporation is fairly regarded as at home.").

Thus, by failing to take any action to press their "at home" personal jurisdictional argument after the denial of the Motion to Strike – when they were freely citing that very standard in papers filed in the U.S. Supreme Court – defendants once again waived any such defense (assuming they had not waived it earlier, which they did).

***Second***, defendants cite to *Foremost-McKesson v. Islamic Republic of Iran*, 1988 WL 122568 (D.D.C. Nov. 8, 1988) in support of their claim that they were entitled to include a personal jurisdiction defense in their Answer, notwithstanding their omission of this defense from their pre-answer Rule 12(b) motion. This claim too, is baseless. In *Foremost-McKesson* the

court found that Iran's initial filing (which stated only that because the suit was barred under the Algiers Declaration "no response to plaintiff's complaint is required") did **not** constitute an "answer" within the meaning of Rule 8. *See id*. at *2-3 ("Rule 8 of the Federal Rules of Civil procedure defines the general rules for pleadings in the federal courts. It reads, in part (b), that '[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies.' … Even the most casual reading of the defendant's filing could not support the interpretation forwarded by plaintiffs. ***This was no answer***, responding to the specific allegations of the plaintiff's complaint.") (emphasis added).

Here by contrast, as defendants themselves must and do admit, the Rule 12(b) motion filed by them in 2002 was a full-blown Rule 12(b) motion within the meaning of Rules 12(g)-(h); therefore, *Foremost-McKesson* is wholly inapposite and irrelevant here.

Indeed, it is plain that defendants' unilateral insertion of a personal jurisdiction defense in their Answer was improper and of no legal effect:

> Because Defendants did not move to dismiss under 12(b)(2) at the same time they moved for dismissal under 12(b)(3), Defendants have waived their right to object to personal jurisdiction. … ***Defendants' attempt to remedy the omission by filing an amended Answer which denies that Defendants are subject to personal jurisdiction in the Northern District of Texas is inadequate. Defendants reliance on Rule 12(h)(1)(B) to support their assertion that the filing of an amended answer will remedy the original omission is misplaced***. Where a defendant has first filed a motion omitting the defense of lack of jurisdiction over the person, as is the case here, such a defense is waived. Fed. R. Civ. Pro. 12(h)(1)(A). ***Rule 12(h) provides multiple ways to waive jurisdiction, not alternative methods of un-waiving it***. Once the Defendants filed their initial motion under 12(b)(3) without including an assertion that personal jurisdiction was

improper, the defense was waived … ***This mistake cannot be remedied by later filing an amended answer***.

*General Design Sign Co., Inc. v. American General Design, Inc.*, 2003 WL 251931 at *1 (N.D.Tex. Jan. 31, 2003) (emphasis added).

***Third***, defendants claim that "the *Daimler* defense was no more 'available' at the time the Answer was submitted and filed than at the time of the initial Rule 12 motion. Thus, even if the Third Affirmative Defense was not properly included in the Answer, Rule 12 would not prevent the Defendants' [sic] from asserting the *Daimler* defense now." DE 362 at 12.

This argument fails because, as shown above, Rule 12 recognizes a ***single*** defense known as "lack of personal jurisdiction" (not a "*Daimler* defense" nor an "*International Shoe* defense), and the defense of "lack of personal jurisdiction" was perfectly available to defendants, who nonetheless omitted it from their Rule 12(b) motion, and thereby waived it under Rule 12(h)(1).[9]

In sum: defendants' "self-help remedy" of inserting a putative personal jurisdiction defense into their Answer was a legal nullity, and neither revived nor preserved that defense.

### D.  Defendants' Motion Could Have Been Filed When *Goodyear* Was Issued

Plaintiffs' motion showed that defendants' "at home" jurisdictional arguments are based on the Supreme Court's decision in *Goodyear Dunlop Tires*, issued in June 2011, that defendants therefore could have filed their Motion for Judgment on the Pleadings years ago, that defendants asserted the Goodyear "at home" standard in the *Livnat* case long prior to *Daimler*, and that defendants' failure to do so constituted a further waiver of any personal jurisdiction defense.

---

[9] Strangely, defendants purport to rely on *In re Vivendi Universal, S.A. Securities Litigation*, 765 F.Supp.2d 512, 531-32 (S.D.N.Y. 2011) for the proposition that "[a]n exception to normal law of the case and waiver rules is recognized when an intervening decision from a superior court changes the controlling law." But *Vivendi* involved the defense of failure to state a claim, which – unlike personal jurisdiction – is not a waivable defense. *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2nd Cir. 2001) ("[T]he defense of failure to state a claim is not waivable.").

In response, defendants argue that *Goodyear* did not really create the "at home" standard, and that courts and litigants did not view it as doing so. DE 362 at 3-9. These arguments are baseless for numerous reasons:

*First*, as noted above, defendants themselves cited *Goodyear* and its holding in a brief to the U.S. Supreme Court on August 19, 2011. *Mohamad v. Rajoub*, 2011 WL 3664462, at *17 (Aug. 19, 2011) (quoting *Goodyear*: "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.").

*Second*, the notion that defendants were entitled to sit back and wait for other litigants to invoke *Goodyear*, and for a body of case law applying *Goodyear* to develop, and only then move to invoke it themselves, is frivolous.

*Third*, in fact, numerous courts understood the significance of *Goodyear*'s "at home" standard, and readily applied it. *See e.g. Monistere v. Losauro*, 2013 WL 6383886, at *3 (E.D. La. Dec. 4, 2013) ("[Defendants] are both in- corporated in Florida and both have their principal place of business in Florida. It is clear that Defendants are not subject to general personal jurisdiction in Louisiana based on their domicile, incorporation, or principal places of business."); *Hershman v. Muhlenberg College*, 2013 WL 5929849, at *2 (D. Conn. Nov. 4, 2013) ("[Muhlenberg] is not 'essentially at home' anywhere except Pennsylvania, its state of incorporation, principal place of business, and site of its only campus."); *Chavez v. Dole Food Co.*, 947 F. Supp. 2d 438, 443 (D. Del. 2013) ("Chiquita's activity in Delaware does not come close to rising to the level of the principal place of business, that 'quintessential paradigm' for general jurisdiction. Indeed, while Chiquita's contacts with Delaware are regular, and may be economically substantial, they are not of the 'at home' variety.") (citation omitted); *Eastman*

*Chem. Co. v. Alphabet, Inc.*, 2011 WL 6004079, at \*14 n.16 (D. Del. Nov. 4, 2011) ("[T]he U.S. Supreme Court recently clarified that general jurisdiction over foreign corporations is proper if and only if 'their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'") (emphasis in original). *See also Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012) ("A corporation is 'essentially at home' both where it is incorporated and where its principal place of business is located."); *Lindsey v. Cargotec USA, Inc.*, 2011 WL 4587583, at \*1(W.D. Ky. Sept. 30, 2011) (requesting supplemental briefing on personal jurisdiction in light of *Goodyear*); *Holocaust Victims of Bank Theft v. Magyar Nemzeti Bank*, 807 F. Supp. 2d 699, 704 (N.D. Ill. 2011) (citing *Goodyear* in argument that court should reconsider prior personal jurisdiction ruling); *Russell v. SNFA*, 987 N.E.2d 778, 783-84 (Ill. 2013) (directing reconsideration of earlier jurisdictional decision in light of *Goodyear*).

**Fourth**, the eight-justice *Daimler* explained that *Goodyear* "made plain" the "essentially at home standard," 134 S. Ct. at 758 n.11, said that its decision was "[i]nstructed by *Goodyear*," *id*. at 751, and expressly rejected the concurrence's critique that it was departing from prior cases by assessing "nationwide and worldwide" activities. *See id*. at 762 n.20.

Thus, at bottom, defendants are trying to "post-date" the change in law on which their motion is founded, in an effort to excuse their failure to assert it 2½ years ago. Defendants are not the first litigants to attempt such a maneuver:

> [T]he court agrees with plaintiffs that Gerber should have moved for reconsideration of the court's claim construction order months ago if Gerber genuinely believed reconsideration was warranted in light of *Phillips*. …
>
> The court finds it significant that Gerber did not seek to rely on *Phillips* for a more favorable claim construction until after the court partially denied Gerber's motion for summary judgment. **Moreover, the court is entirely unpersuaded that the belated nature of Gerber's motion**

> **is justified by the Federal Circuit's September 14, 2005, opinion in *Nystrom* inasmuch as *Nystrom* did not represent an intervening change in controlling law, but rather simply applied the Federal Circuit's en banc opinion in *Phillips* to the facts of that case**.

*Freeman v. Gerber Products*, 396 F.Supp.2d 1260, 1262 (D.Kan. 2005) (emphasis added).

So too here: "the belated nature" of defendants' motion is not justified by Daimler, "inasmuch as [*Daimler*] did not represent an intervening change in controlling law, but rather simply applied [*Goodyear*] to the facts of that case."

For this reason as well, defendants' waived any personal jurisdiction defense.

### E.  Defendants Again Waived the Defense by Litigating on the Merits

Plaintiffs showed in their opening motion papers that a personal jurisdiction defense will be waived where (as here) the defendant engages in merits discovery and litigation, including seeking affirmative relief and even summary judgment, without asserting the defense.

Defendants attempt to refute this argument by claiming that the cases relied upon by plaintiffs are all unpublished decision from outside this Circuit. In fact, however, that is the law in this Circuit, too. *See e.g. George Washington University v. DIAD, Inc.*, 1996 WL 470363 at *1 (D.D.C. Aug. 9, 1996)  ("If a party enters a case, makes no objection to personal jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection.") (quoting *Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp.*, 869 F.Supp. 35, 38 (D.D.C. 1994)) (brackets omitted). *See also e.g. Epperson v. Entertainment Express, Inc.*, 338 F.Supp.2d 328, 334 (D.Conn. 2004)  (An objecting party's request that the

court take action in its favor, without contemporaneously asserting the personal jurisdiction defense, may result in a forfeiture of the defense.") [10]

Scraping the bottom of the barrel, defendants also point to the fact that various exhibits filed in this case over the years contained references to defendants' assertion of a personal jurisdiction defense in other cases. Clearly, these items are meaningless, except to the extent that they further illustrate that defendants' waiver in *this* case was willful and strategic.

---

[10] *Cf. Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, 203 F.3d 835 (table) at *3 (10th Cir. 2000) ("After its lengthy participation in this litigation, ... defendant may not pull its personal jurisdiction defense out of the hat like a rabbit.") (citations and brackets omitted); *Ear v. Empire Collection Authorities, Inc.*, 2012 WL 3249514 at *3 (N.D.Cal. Aug. 7, 2012) ("[W]hile asserting the defense in their answer saves Defendants from waiving the defense ***immediately***, the defense may be waived by Defendants' future actions; in other words, merely invoking a Rule 12(b)(2) defense in an answer ***does not preserve the defense for the duration of the case***. Defendants must do something to test the defense, and jurisdictional challenges should be addressed ***sooner rather than later***.") (citation omitted) (emphasis added); *Plunkett v. Valhalla Investment Services, Inc.*, 409 F.Supp.2d 39, 41-42 (D.Mass. 2006) (finding that defendants abandoned personal jurisdiction defense by referencing it in their answer, then waiting 13 months before litigating the defense); *Schwartz v. M/V Gulf Supplier*, 116 F.Supp.2d 831, 835 (S.D.Tex. 2000) (deeming waiver to have occurred where defendant listed personal jurisdiction defense in answer, then failed to file motion to dismiss until eve of trial, some nine months after action commenced); *Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1309 (Fed.Cir. 2005) (noting that "a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal"); *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001) (acknowledging "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections"); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2nd Cir.1999) (observing that "delay in challenging personal jurisdiction by motion to dismiss may result in waiver, even where ... the defense was asserted in a timely answer") (citations omitted); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) ("Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation."); *Burton v. Northern Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985) ("Defendants have literally complied with Rule 12(h)(1) by asserting the defense of lack of jurisdiction in their answers. These responsive pleadings, however, do not preserve the defense in perpetuity.").

**F.   The Substance of Defendants' Motion Is Not Before the Court**

Defendants' Opposition briefly seeks to draw the plaintiffs into a discussion of the merits of defendants' putative jurisdictional defense. DE 362 at 20-25. There is no reason for plaintiffs to reply to these arguments, because plaintiffs' motion did not purport to argue these issues, because doing so would defeat the resource-preserving purpose of plaintiffs' motion, and because (as discussed in plaintiffs' opening papers) unless the Court finds that defendants have somehow miraculously avoided a waiver, the substance of defendants' jurisdictional arguments are simply not before the Court. *See Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("[W]hen a defendant has waived his objection to insufficient service of process (or any other defect in personal jurisdiction) by failing timely to object as required under Rule 12(g) and (h), and has thus consented to litigate the action in that court, the court may not, either upon the defendant's motion or its own initiative, dismiss the suit for lack of personal jurisdiction."); *Pusey v. Dallas Corp*., 938 F.2d 498, 501 n.4 (4th Cir. 1991) ("[A] party's waiver operates not only to cut off his right to raise the defense, but the court's power to invoke it."); *O'Brien v. R.J. O'Brien & Associates*, 998 F.2d 1394, 1399 (7th Cir. 1993) ("[T]he court is powerless to dismiss the suit for lack of personal jurisdiction" once the defendant has submitted to the court's jurisdiction by declining to timely contest it).

***

**WHEREFORE**, plaintiffs' motion should be granted.

Dated:  March 27, 2014

Respectfully submitted,

/s/ Robert J. Tolchin
Robert J. Tolchin
D.C. Bar No. NY0088
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943
RJT@tolchinlaw.com


HEIDEMAN NUDELMAN
 & KALIK, P.C.
1146 19th Street, N.W., Fifth Floor
Washington, DC  20036
Telephone:  202-463-1818
Telefax:  202-463-2999